IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:20-cr-073 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motions for |
| Jack Alexander Collins, III, | : | Compassionate Release |
| | : | |
| Defendant. | : | |

This matter is before the Court on two Motions for Compassionate Release filed by Defendant Jack Alexander Collins, III, on February 12, 2024 and March 7, 2024. (Docs. 52, 53.) Because Collins is not entitled to compassionate release, the Court will deny the Motions.

**I.    PROCEDURAL HISTORY**

Collins was charged in an Indictment dated July 22, 2020 with one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. (Doc. 17.) He pleaded guilty to the offense on October 6, 2021. (Doc. 40.) Then, on June 1, 2022, this Court sentenced him to a term of imprisonment of sixty months. (Doc. 48.) He is currently incarcerated at Allenwood Medium FCI in Pennsylvania, and he has an estimated release date of July 1, 2026. Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last viewed 2/27/2024).

Collins now has filed two pending *pro se* Motions for Compassionate Release. He asks the Court to assign him counsel and for compassionate release. The Government did not file a timely response to the first Motion. There is no reason to anticipate that Government would file a response to the second Motion because Collins did not raise new arguments therein.

## II. STANDARD OF LAW FOR COMPASSIONATE RELEASE MOTIONS

Collins seeks a reduction of sentence, also known as compassionate release, pursuant to 18 U.S.C. § 3582(c). The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

The district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy

2

statements by the Sentencing Commission in United States Sentencing Guideline ("Sentencing Guideline" or "U.S.S.G.") § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1107–1108 (6th Cir. 2020).[1] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow a district court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider nonretroactive changes in law relevant to sentencing as part of their weighing of the § 3553(a) sentencing factors. *Hunter*, 12 F.4th at 568–569. District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III.  ANALYSIS

The Court will start with Collins's request that the Court appoint him legal counsel.

---

[1] The Sixth Circuit determined in *Jones* in 2021 that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

3

Generally, an indigent criminal defendant's right to counsel extends only to the first appeal as of right. *See Coleman v. Thompson,* 501 U.S. 722, 755–756 (1991). Defendants have no constitutional right to counsel in 18 U.S.C. § 3582 proceedings. *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). The Court will not appoint counsel to Collins in this instance because, as discussed below, the grounds he asserts for compassionate release are clearly insufficient.

Turning to the request for compassionate release, Collins asserts a host of reasons the Court should grant him compassionate release, each of which the Court will examine in turn.[2] First, Collins points towards his rehabilitation efforts, including completion of a parenting class and other programs, working at a factory, and good behavior. Rehabilitation of a defendant alone is never sufficient to constitute an extraordinary and compelling reason. 28 U.S.C. § 994(t). Collins's efforts to be productive in prison and stay out of trouble, while commendable, are not unique or extraordinary.

Second, Collins states that he wants to be released to spend more time with his grandmother, who was in hospice care, and his daughters, who are unable to visit him in prison due to financial constraints. The Sentencing Guidelines policy statement recognizes that family concerns can constitute a basis for compassionate release in narrow circumstances. *See* U.S.S.G. § 1B1.13(b)(3). The concerns set forth in the policy statement primarily involve circumstances where the defendant is the only possible caretaker for an incapacitated family member. *Id.* Conversely, the difficult circumstances that Collins describes—a federal inmate's inability to

---

[2] Collins has presented no evidence that he satisfied the administrative exhaustion requirement, but the Court cannot enforce that claims-processing rule *sua sponte*. *See United States v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020) (claims-processing rule); *United States v. Miller*, No. 21-3311, 2021 WL 4467781, at *2 (6th Cir. Sept. 2, 2021) (finding procedural error when a district court *sua sponte* enforced the § 3582(c)(1)(a) claims-processing rule); *United States v. Rucker*, No. 20-5533, 2020 U.S. App. LEXIS 28048, at *3 (6th Cir. Sep. 2, 2020) ("Generally, exhaustion is an affirmative defense that should not be invoked sua sponte by the district court based on a failure to plead or attach exhibits proving exhaustion.").

spend time with his children and to support ill relatives—are common hardships endured by many incarcerated individuals and their families.[3] *See United States v. Mosley*, No. 1:09-CR-65, 2023 WL 8828004, at *4 (S.D. Ohio Dec. 21, 2023) (stating that "a term of incarceration is often a significant burden for a defendant's family"). These circumstances do not rise to the level of extraordinary or compelling under the policy statement.

Third, Collins asserts that he is "eligible for the 2 point reduction due to being on parole while ketching [*sic*] a federal case." (Doc. 52 at PageID 212.) The Court assumes Collins is referring to a 2023 amendment to the Sentencing Guidelines. Collins is correct that the amended Sentencing Guidelines are relevant to him, but application of the amendment does not ultimately change the calculation of his sentence.

At the time of Collins's sentencing, he was assessed 14 criminal history points under the 2021 Sentencing Guidelines, which included two points under U.S.S.G. § 4A1.1(d) for committing the federal offense while on parole from state court convictions. (Doc. 44 at PageID 169, PSR ¶ 45.)[4] Fourteen criminal history points equated to a criminal history category of VI. (*Id.*) U.S.S.G. § 4A1.1 was amended effective November 1, 2023. Under the amended U.S.S.G. § 4A1.1(e), Collins would be assessed only one criminal history point for committing the federal offense while on parole from the state court convictions.[5] His criminal history points total is reduced to thirteen points under the 2023 Sentencing Guidelines, but thirteen points criminal

---

[3] To be clear, Collins does not assert that he needs to be the caretaker of either his children or his grandmother. Collins states in the Motion that his grandmother lives with his mother and he implies that his children live with their mother.

[4] Section 4A1.1(d) of the 2021 Sentencing Guidelines stated as follows: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

[5] Section 4A1.1(e) of the 2023 Sentencing Guidelines states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

history points still equates to a criminal history category of VI.  Collins's criminal history category has not changed, despite the Sentencing Guideline amendments.  It follows that the Sentencing Guideline amendments do not provide a basis to grant Collins compassionate release.

Fourth, and finally, Collins asks the Court to give him credit for jail time he served in a state court prison.  The Attorney General, through the Bureau of Prisons ("BOP"), has responsibility for administering a sentence.  *United States v. Wilson*, 503 U.S. 329, 335 (1992).  Requests for time served must be made first to the Attorney General through the BOP.  *Id.* at 334–336; *see also United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("Credit for time served may be awarded only by the Bureau of Prisons . . . .").  A defendant can seek judicial review of the credit computation after exhausting administrative remedies by filing a 28 U.S.C. § 2241 habeas corpus petition.  *Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. 2006); *United States v. Wilson*, 997 F.2d 208, 209 (6th Cir. 1993.)  A § 2241 petition must be filed in the federal district in which the defendant is incarcerated.  *Rizk v. Garland*, No. 1:22 CV 615, 2022 WL 2717043, at *2 (N.D. Ohio July 13, 2022).  Here, Collins has not demonstrated that he asked the BOP for the time served credit, nor has he filed the proper habeas petition in the proper court.  This argument is not a valid basis to grant compassionate release.

In sum, the reasons asserted by Collins—considered both individually and in the aggregate—do not constitute an extraordinary or compelling basis for compassionate release pursuant to 18 U.S.C. § 3582(c)(2).  The Court need not examine the § 3553 sentencing factors in these circumstances.

IV. **CONCLUSION**

For the reasons stated above, Collins's Motions for Compassionate Release (Docs. 52, 53) are **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge