IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:20-cr-073 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for |
| Jack Alexander Collins, III, | : | Sentence Reduction |
| | : | |
| Defendant. | : | |

This matter is before the Court on a Motion for Sentence Reduction under Section 603 of the First Step Act filed by Defendant Jack Alexander Collins, III, on May 21, 2025.  (Doc. 56.)  Because Collins is not entitled to a reduction of his sentence, the Court will **DENY** the Motion.

I.  **PROCEDURAL HISTORY**

Collins was charged in an Indictment dated July 22, 2020 with one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2.  (Doc. 17.)  He pleaded guilty to the offense on October 6, 2021.  (Doc. 40.)  Then, on June 1, 2022, this Court sentenced him to a term of imprisonment of sixty months.  (Doc. 48.)  In early 2024, Collins filed two Motions for Sentence Reduction.  (Docs. 52, 53.)  The Court denied the Motions on March 18, 2024.  (Doc. 54.)  Collins is currently incarcerated at FCI Allenwood Medium in Pennsylvania and has an estimated release date of July 1, 2026.  Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last viewed 5/28/2025).

Now, Collins has filed a new *pro se* Motion for Sentence Reduction under Section 603 of the First Step Act, which is codified at 18 U.S.C. 3582.  Collins asks the Court to apply a liberal interpretation to the claims asserted and for a reduction of his sentence to time served.  (Doc. 54

at PageID 273.)  The Court does not to anticipate that Government will file a response to the Motion because Collins did not raise sufficient arguments therein.

## II.     STANDARD OF LAW FOR SENTENCE REDUCTION MOTIONS

Collins seeks a reduction of sentence, also known as compassionate release, pursuant to 18 U.S.C. § 3582(c).  The Court lacks authority to resentence a defendant, except as permitted by statute.  *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008).  Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

The district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the Sentencing Commission in United States Sentencing Guideline ("Sentencing Guideline" or "U.S.S.G.") § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1107–1108 (6th Cir. 2020).[1] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

## III.  ANALYSIS

The Court will examine Collins's purported extraordinary and compelling bases to justify a sentence reduction.[2]  First, Collins points to understaffing at FCI Allenwood, which resulted in inmates being locked in their assigned cells for the day earlier than usual. (Doc. 56 at PageID 283.) Collins states that inmates "pick up 'grab-and-go' diner [*sic*] at 4:30PM" before they are "officially [locked] in their cell at 5:45PM for the remainder of the day." (*Id.*)  However, difficult conditions of confinement ordinarily are not a basis for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  The Seventh Circuit held "mistreatment or poor conditions in prison, if proved, might be grounds for relief in a civil lawsuit, but untested allegations of this nature are

---

[1] The Sixth Circuit determined in *Jones* in 2021 that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

[2] On April 7, 2025, Collins submitted an Inmate Request for Compassionate Release to the Warden due to "understaffing at FCI Allenwood, Federal Time Credits not being applied to [his] sentence, rehabilitation during [his] incarceration and a strong release plan." (Doc. 56 at PageID 293.) The Warden denied the request on April 9, 2025. (*Id.* at PageID 293–294.) Accordingly, Collins satisfied the exhaustion requirement.

not grounds for a sentence reduction." *United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021). The Eastern District of Tennessee, likewise, held that the proper remedy for a defendant who seeks relief for "understaffing and years of long lockdowns" is a civil lawsuit under 42 U.S.C. § 1983, not compassionate release. *United States v. Derrick*, No. 2:18-CR-00017-DCLC-CRW, 2023 WL 3662830, at *3 (E.D. Tenn., May 25, 2023); *see also United States v. Allard*, No. 5:00-110-DCR, 2022 WL 11859598, at *2 (E.D. Ky. Oct. 20, 2022) (stating that lengthy lockdowns and lack of programming did not warrant a sentence reduction). Relying on these authorities, this Court agrees the conditions of Collins's confinement at FCI Allenwood do not provide a basis for sentence reduction. Additionally, requiring an inmate to return to their cell after dinner is not an extraordinary hardship in prison.

Second, Collins points to his rehabilitation efforts, including completion of several programs, working at a factory, and good behavior. (Doc. 56 at PageID 284.) Rehabilitation of a defendant alone is never sufficient to constitute an extraordinary and compelling reason. 28 U.S.C. § 994(t). Collins's efforts to be productive in prison and stay out of trouble, while commendable, are neither unique nor extraordinary.

In sum, the reasons asserted by Collins—considered both individually and in the aggregate—do not constitute an extraordinary or compelling basis for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court need not examine the § 3553 sentencing factors in these circumstances.

## IV. CONCLUSION

For the reasons stated above, Collins's Motion for Sentence Reduction (Doc. 56) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge